# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Petitioner, | ) ) ) Case No. |
| v. | ) ) |
| SARITA BHAKUNI, | ) ) |
| Respondent. | ) ) |

## DECLARATION OF EEOC DEPUTY DIRECTOR PHILLIP HOEFS

I, Phillip Hoefs, hereby state as follows:

1. I am the Deputy Director of the U.S. Equal Employment Opportunity Commission's ("EEOC") Washington Field Office, and in that role, I am responsible for the operations of the office, including the investigation of charges of employment discrimination.

2. The Washington Field Office is responsible for investigating charges alleging that employers have engaged in employment practices made unlawful by Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* and the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12112 *et seq.*

3. Among the EEOC's investigations pending in the Washington Field Office is Charge No. 530-2019-04733, a Commissioner Charge filed against Hajoca Corporation ("Hajoca") by EEOC Chair Charlotte A. Burrows.

4. I state the following based on my personal examination of the EEOC investigative file regarding Charge No. 530-2019-04733:

   a. On July 2, 2019, EEOC Chair Charlotte A. Burrows issued the Commissioner Charge. The Commission assigned the case Charge No. 530-2019-04733.

b.  The Commissioner Charge states that "since at least January 1, 2014 and continuing to the present," Respondent has used: (1) a particular employment practice in the form of cognitive testing for the purposes of employment selection that causes disparate impact in hiring against Black and Hispanic job applicants because of their race/national origin in violation of Title VII; (2) a particular employment practice in the form of psychological/personality testing and psychologist interviews for purposes of employment selection that causes disparate impact in hiring against Black and Hispanic job applicants because of their race/national origin in violation of Title VII; (3) a particular employment practice in the form of psychological/personality testing and psychologist interviews for purposes of employment selection that causes disparate impact in hiring against job applicants with disabilities based on their disability in violation of the ADA; and (4) psychological/personality testing and psychologist interviews for the purposes of employment selection that constitute pre-employment, pre-offer disability-related examination and inquiries in violation of the ADA. A true and correct copy of the Commissioner Charge is attached to the accompanying Application as Exhibit 2.

c.  On July 9, 2019, EEOC issued to Respondent a Notice of Charge of Discrimination with respect to Charge No. 530-2019-04733. A true and correct copy of the Notice is attached to the accompanying Application as Exhibit 4.

d.  On October 11, 2019, Respondent filed its position statement with respect to Charge No. 530-2019-04733.

e.  During the course of EEOC's investigation, Hajoca has repeatedly identified Respondent as a psychologist involved in applicant assessment and as someone having

knowledge of Respondent's applicant testing instruments. Respondent further confirmed in her interview with EEOC investigative staff that she regularly conducts interviews of candidates who are interested in Hajoca's management program. As part of that process, Respondent reviews and interprets the applicants' personality test responses/scores, drafts a Selection Report from her applicant interview, and provides that report to the Hajoca hiring manager for use in Hajoca's hiring decisions.

f. On December 23, 2021, EEOC issued Subpoena No. WFO-2022-001. The Subpoena was sent to Respondent via USPS certified mail. The Subpoena identified the responsive period as January 1, 2014 to the present. The Subpoena included five requests. Request No. 1 sought copies of any "Selection Report Template" used by Respondent during the relevant time period. Request No. 2 sought copies of any instructions for using the aforementioned "Selection Report Template" to recommend candidates for hire or not. Requests Nos. 3 and 4 sought complete copies of all "Selection Reports" created for any candidate for any position with Hajoca during the relevant time period, as well as identification of whether each candidate was hired. Finally, Request No. 5 sought identification of where all "Selection Reports" are stored. A true and correct copy of the Subpoena is attached to the accompanying Application as Exhibit 3.

g. The Subpoena requested production by January 6, 2022. This deadline was later amended to February 22, 2022 via email to Respondent by EEOC investigative staff.

h. On February 22, 2022, Respondent, through her counsel, filed objections to the Subpoena. Respondent did not file an administrative Petition to Revoke Subpoena.

    i. As of the date of this Declaration, Respondent has not provided the requested documentation identified in Requests No. 3 of the Subpoena that is relevant to EEOC's investigation of the employment practices identified in the Commissioner Charge.

    j. EEOC does not otherwise have the requested information and documentation in its possession.

5. Respondent's failure to comply with the Subpoena has delayed and hampered the EEOC's investigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: 6/16/2023

Phillip Hoefs
Deputy Director
U.S. Equal Employment Opportunity Commission
Washington Field Office